**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

ALFRED ROBINSON,

                                    Petitioner,

        v.                                          9:19-CV-0696
                                                    (AMN/CFH)

CHRISTOPHER MILLER, Superintendent,

                                    Respondent.
_____


**APPEARANCES:**                          **OF COUNSEL:**

ALFRED ROBINSON
Petitioner, pro se
03-B-0123
Great Meadow Correctional Facility
Box 51
Comstock, New York 12821

HON. LETITIA JAMES                        PAUL B. LYONS, ESQ.
Attorney for Respondent                   Assistant Attorney General
New York State Attorney General
The Capitol
Albany, New York 12224

**CHRISTIAN F. HUMMEL**
**United States Magistrate Judge**

                **REPORT-RECOMMENDATION and ORDER**

I.    **INTRODUCTION**

        Petitioner Alfred Robinson ("Petitioner") seeks federal habeas corpus relief

pursuant to 28 U.S.C. § 2254.  Dkt. No. 1, Petition ("Pet."); Dkt. No. 1-1, Memorandum

of Law in Support of Petition.  Respondent successfully requested two extensions of

time to file a response.  Dkt. Nos. 3 & 5, Letter Motions (requesting an extension of

time); Dkt. Nos. 4 & 6, Text Orders (granting letter request).  Respondent filed a

response.  Dkt. No. 7, Memorandum of Law in Opposition to Petition; Dkt. No. 8,

Answer; Dkt. No. 9-1 State Court Records ("SR"); Dkt. Nos. 9-2–4, State Court

Transcripts.  Petitioner subsequently submitted a reply.  Dkt. No. 11, Traverse.

## II.    RELEVANT BACKGROUND

### A.  Trial, Sentencing, and Direct Appeal of Conviction

Petitioner was charged with Attempted Murder in the First Degree, in violation of

N.Y. PENAL. LAW §§ 110.00 & 125.27(1)(a)(v)&(b) (hereinafter, "P.L."); Tampering with a

Witness in the First Degree, in violation of P.L. § 215.13(1); Tampering with a Witness

in the Third Degree, in violation of P.L. § 215.11(1); Tampering with a Witness in the

Fourth Degree, in violation of P.L. § 215.10; Assault in the First Degree, in violation of

P.L. § 120.10(1); Assault in the Second Degree, in violation of P.L. § 120.05(2);

Criminal Possession of a Weapon in the Second Degree, in violation of P.L. §

265.03(2); Criminal Possession of a Weapon in the Third Degree, in violation of P.L. §

265.02(1); and Bribing a Witness, in violation of P.L. § 215.00.  *See* SR 105-07,

Indictment; SR 35.[1][2]  On August 26, 2002, Petitioner was arraigned and entered a plea

of not guilty to all of the charged offenses.  SR 35.

---

[1] All citations to the parties' submissions will refer to the pagination generated by CM/ECF, the Court's electronic filing system.

[2] The Appellate Division, Fourth Department, described the charged crimes as "stemming from four related criminal transactions."  *See People v. Robinson*, 28 A.D.3d 1126, 1127 (4th Dept. 2006).

> The first transaction involved the stabbing of a victim [Thihele Gaines]; the second involved tampering with a witness to the stabbing [William Sullivan]; the third involved tampering with the same witness [William Sullivan] on a different occasion and attempting to bribe him; and the fourth involved the shooting and attempted murder of the stabbing victim [Thihele Gaines] the day before the trial on the stabbing incident was scheduled to begin.

*Id.*

Petitioner was tried on the nine counts in Onondaga County Court on December 2-6, 2002.  *See* Dkt. Nos. 9-2–4.[3]  Hon. Judge Joseph E. Fahey presided over the trial. *See id*.  Petitioner was convicted of all nine counts.  SR 35-36 Onondaga County Clerk's Summary.  On January 13, 2003, Judge Fahey sentenced Petitioner to an aggregate prison term of thirty-five and a half years to life with five years of post-release supervision.  SR 121-31, Sentencing Transcript; SR 35-36, Onondaga County Clerk's Summary; SR 95, Statement Pursuant to CPLR 5531.[4]

Petitioner appealed his conviction to the Appellate Division.  *See People v. Robinson*, 28 A.D.3d 1126 (N.Y. App. Div. 4th Dept. 2006).  The Fourth Department unanimously affirmed Petitioner's conviction on April 28, 2006.  *Id*. at 1129.  Petitioner sought leave to appeal the Appellate Division's decision to the Court of Appeals.  *See People v. Robinson*, 7 N.Y.3d 794 (2006).  The Court of Appeals denied Petitioner's application for leave on July 21, 2006.  *Id*.

## B.  2007 Habeas Petition

---

[3] The trial spanned five days from December 2, 2002, to December 6, 2002.

[4] On count one – Attempted Murder in the First Degree – Petitioner was sentenced to twenty-five years to life. On count two – Tampering with a Witness in the First Degree – Petitioner was sentenced to twelve years six months to twenty-five years, to run concurrent with the sentence for count one. On count three – Assault in the First Degree – Petitioner was sentenced to twenty-five years and five years post-release supervision, to run concurrent with the sentence for counts one through three. On count four – Criminal Possession of a Weapon in the Second Degree – Petitioner was sentenced to fifteen years and five years post release supervision, to run concurrent with the sentence for counts one through three. On count five – Assault in the Second Degree– Petitioner was sentenced to seven years and five years post-release supervision, to run consecutive to the sentence for counts one through four. On count six– Criminal Possession of a Weapon in the Third Degree – Petitioner was sentenced to three years six months to seven years, to run concurrent with the sentence for count five (and consecutive to the sentence for counts one through four). On count seven – Bribing a Witness – Petitioner was sentenced to three years six months to seven years, to run consecutive to the sentence for counts one through six. On count eight– Tampering with a Witness in the Third Degree – Petitioner was sentenced to two to four years, to run concurrent with the sentence for count seven (and consecutive to the sentence for counts one through six). On count nine – Tampering with a Witness in the Fourth Degree – Petitioner was sentenced to one year to run concurrent with the sentence for counts one through eight.  *See* SR 121-31, 35-36, 95.

On October 18, 2007, Petitioner filed a petition for a writ of habeas corpus
pursuant to under 28 U.S.C. § 2254.  *See Robinson v. Graham*, 671 F. Supp.2d 338
(N.D.N.Y. 2009); SR 155-57, Docket Sheet.[5]  Petitioner argued he was entitled to
habeas relief because:

> (1) he was denied the effective assistance of counsel; (2) he
> was denied his right to be present at all material stages of trial;
> (3) his inculpatory statement to the police was involuntary;
> (4) the evidence was insufficient to support the conviction of
> first-degree assault; (5) the prosecutor made improper
> comments during summation; and (6) he was denied a fair
> trial and due process (cumulative error).

*Robinson*, 671 F. Supp.2d at 344.  On November 17, 2009, United States District Court
Judge James K. Singleton, Jr., from the District of Alaska, sitting by designation in the
Northern District of New York, granted the petition in part and denied it in part.  *Id*. at
364.

The district court concluded that Petitioner's trial counsel was ineffective for
failing to request a limiting instruction.  *Robinson*, 671 F.Supp.2d at 353-56.[6]  The
district court was unable to conclude that trial counsel was acting as the counsel
guaranteed by the Sixth Amendment or that the error was not prejudicial.  *Id*. at 354-55.
However, the district court determined that because Mr. Kimbrough's testimony was

---

[5] A copy of the decision is included in the State Court Records.  *See* SR 1-27.
[6] During Petitioner's 2002 trial, the People called Elisha Kimbrough to testify.  *See* Dkt. No. 9-3,
Transcript, at 327-45, Testimony of Elisah Kimbrough.  Mr. Kimbrough testified that while confined at the
Onondaga County Justice Center, Petitioner offered to give Kimbrough $15,000 cash, pay his bail, and
hire an attorney for him if Kimbrough would take responsibility for the attempted murder and criminal
possession charges Petitioner faced.  *Id*. at 331-33.  Petitioner was not charged with a crime for this offer.
*See Robinson*, 671 F. Supp.2d at 353.  Petitioner argued in his habeas petition that his attorney should
have requested a jury instruction clarifying that Mr. Kimbrough's testimony should be considered only for
the purpose of establishing a consciousness of guilt for the stabbing of Thihele Gaines, and should not be
considered as establishing a propensity to commit bribery, as Petitioner was on trial for, *inter alia*, Bribing
a Witness, for allegedly agreeing to confer a benefit upon William Sullivan.  *Id*.; *see also* SR 105-07.  No
limiting instruction was given to the jury.  *Robinson*, 671 F.Supp.2d at 354.

properly admitted for a permissible purpose, it could not hold that counsel's failure to request a limiting instruction "infected the entire trial sufficient[ly] to warrant granting [Petitioner] relief with respect to the charges stemming from the shooting." *Id*. at 355. Accordingly, the court concluded, "ordering a new trial on the bribery charge . . . or, in the absence of a retrial, adjustment of the sentence eliminating the sentence imposed as a result of [Petitioner]'s conviction on [the bribery] count" was the appropriate remedy. *Id*. at 356.

The Attorney General did not appeal the partial grant of the writ. *See* Dkt. No. 7 at 7. The United States Court of Appeals for the Second Circuit denied Petitioner's request for a certificate of appealability on May 13, 2010. SR 155.

### C. Post-Habeas Relief Proceedings

In a motion dated April 9, 2012, Petitioner sought an Order (1) vacating his sentence, (2) directing an updated presentence investigation ("PSI") and the filing of the PSI Report, and (3) scheduling resentencing. *See* SR 110-14.[7] Petitioner's attorney affirmed that the People had neither appealed the District Court's partial grant of the writ nor retried Petitioner on the Bribing a Witness charge in the time since the district court's November 2009, decision. SR 113-14. The People submitted an answering

---

[7] Additionally, on June 25, 2012, Petitioner, pro se, wrote to the District Court seeking an order "to compel the Respondent . . . to comply with the District Court's Order." *See* SR 28-30. Petitioner alternatively sought further clarification as to the District Court's 2009 Order. *See* SR 29. On March 29, 2013, the District Court ordered that Respondent "serve and file a response to [Petitioner's] motion informing the Court whether the People retried [Petitioner] on the bribery count or the state court redetermined his sentence and the result thereof, together with copies of the proceedings held in the Onondaga County Court in compliance with this Court's judgment." *See* SR 31-32. In a letter dated April 3, 2013, Respondent stated that "on February 4, 2013, [P]etitioner's sentence was vacated, the bribery count was dismissed[,] and . . . [Petitioner] was resentenced on the remaining counts, *nunc pro tunc*." SR 33; *see also* SR 35-40. On April 14, 2013, Petitioner requested that the District Court "hold respondent in contempt for willfully failing to comply with" the District Court's 2009 order granting habeas relief in part, and dismiss the indictment for loss of jurisdiction or, in the alternative, remand for a full hearing on the issue of jurisdiction. *See* SR 41-88. On May 1, 2013, the District Court denied Petitioner's request for relief. *See* SR 89-91.

affidavit, *see* SR 115-31, affirming that the district court's determination impacted only the conviction and sentence for Petitioner's conviction on count seven – bribing a witness – and did not impact the judgment of conviction or sentences for the other eight counts. SR 119-20. The People requested that Petitioner's motion be denied and that the Court order Petitioner's conviction and sentence for bribery be stricken from his certificate of conviction. SR 120. In a reply affidavit, Petitioner argued that the district court ordered his sentence to be "redetermined" rather than "recalculated" if Petitioner was not retried on the bribery count and that, at sentencing, the trial court had considered Petitioner's conduct in bribing a witness in determining a sentence. *See* SR 132-36.

In an Order dated August 28, 2012, Onondaga County Court denied Petitioner's motion to vacate his sentence. *See* SR 137-39. Hon. Donald E. Todd decided the motion because the judge who presided over Petitioner's trial and sentencing had a conflict. *See* SR 138 ("The motion was transferred . . . due to the fact that Judge Fahey's present Law Clerk . . . prosecuted [Petitioner's] case in his former capacity as an Onondaga County Assistant District Attorney."). The county court determined that "[t]he order of the Federal District Court did not . . . state that the entire sentence be vacated . . . it merely directed that the sentence originally imposed be redetermined without regard to the bribery count." SR 139.[8]

---

[8] The Order denying the motion further stated:

> The case is remitted to the Honorable Judge Joseph E. Fahey for redetermination of the original sentence as directed by the order of the Federal District Court for the Northern District of New York, with the caveat that upon full disclosure of his present status as Law Clerk to Judge Fahey, [the former Onondaga County District Attorney who prosecuted Petitioner's case] shall have no involvement in the further proceedings in this case.

SR 139.

On December 14, 2012, Petitioner appeared before Onondaga County Court, Hon. Judge Todd, for resentencing. *See* SR 140-44. However, Petitioner was not represented by counsel, therefore, the proceedings were adjourned in order to allow Petitioner to secure representation. *See id*. On January 11, 2013, the People reappeared before Onondaga County Court, Hon. Judge Fahey. *See* SR 145-46. Judge Fahey confirmed that Petitioner would be represented by new counsel at his resentencing, scheduled to occur on February 4, 2013, before Hon. Judge Miller. *See id*.

On January 24, 2013, Petitioner, represented by new counsel, submitted a motion for an order dismissing the indictment, or, in the alternative, directing a new trial or other relief as is just under the circumstances. *See* SR 147-72, Motion and Exhibits; SR 173-88, Memorandum of Law. Petitioner reasoned that because of the two-year delay (from the District Court's partial grant of habeas relief to the date the motion was filed), Petitioner's "rights to a speedy trial have been violated and therefore the Courts no longer have jurisdiction over the indictment and charges must be dismissed." SR 152 (citing *People v. Drake*, 92 A.D.2d 1011 (3rd Dept. 1983)). Alternatively, Petitioner argued a new trial was warranted because (1) Kimbrough's testimony may have had a prejudicial spillover effect on the consideration of the other eight (non-bribery) counts, and (2) newly-discovered evidence proves that Petitioner was actually innocent. *See* SR 151-52.[9]

---

[9] Petitioner moved to vacate his conviction pursuant to N.Y. CRIM. PRO. LAW § 440.10(1)(g) on the basis of newly-discovered evidence. In a series of affidavits, Randi Bianco, Esq., Petitioner's appellate counsel, affirmed that while preparing Petitioner's appeal, he learned that "Andre Terry may [have] be[en] responsible for shooting Thihele Gaines on July 14, 2002." *See* SR 169. Andre Terry affirmed that he was the individual who shot Thihele Gaines, not Petitioner. *See* SR 161-62. Thihele Gaines affirmed he had identified Petitioner as the person who shot him; however, he had "doubts as to the identity of the shooter" as he overheard another individual, Fern/Andre state that he had shot Gaines. *See* SR 164-65.

The People opposed Petitioner's motion. *See* SR 189-239. The People requested that Onondaga County Court "redetermine [Petitioner]'s sentence by vacating the 3½ to 7 year prison term previously imposed on the count of bribing a witness . . . with no change to the sentences imposed on the remaining counts of the indictment for an aggregate term of 34 years to life in prison." SR 196-97.

On February 4, 2013, Petitioner, represented by counsel, appeared before Onondaga County Court, Hon. Judge Thomas J. Miller, for resentencing. *See* SR 241-57. The County Court first announced:

> CPL 380.30(1) provides that a sentence must be pronounced without unreasonable delay . . . The loss of jurisdiction, however, is a drastic sanction and is limited to instances where it was the prosecution's failure without good reason to produce a defendant for sentence . . . There was delay between May 21st 2010, when [Petitioner]'s appeal of the District Court's decision was dismissed, and April 2012, when [Petitioner] moved for resentencing . . . [T]here is no evidence in the record to suggest that the D.A.'s office had written notice of Judge Singleton's decision. I believe it would be unreasonable to conclude that this Court has lost jurisdiction over this matter.

SR 251-52 (citations omitted). Moreover, County Court explained the District Court's Order partially granting habeas relief had already rejected Petitioner's argument that trial counsel's ineffectiveness, with respect to the bribery count, spilled over and affected the fairness of Petitioner's conviction on the other counts. SR 252. Therefore, it denied Petitioner's motion. SR 252. Judge Miller sentenced Petitioner to the same

---

Jamontae Wallace affirmed he falsely testified at Petitioner's trial that Petitioner had shot Thihele Gaines. *See* SR 166-67. Elisah Kimbrough affirmed he gave false testimony in Petitioner's trial. *See* SR 170. Nathan Speights, a member of "[t]he Elk Block Gang" affirmed that "Thihele Gaines [also an] affiliate [of] the 'Elk Block Gang' . . . admitted to [Speights] and other 'Elk Block Gang' members that he was shot by an individual known to members of the gangs and streets as 'Firm.'" *See* SR 171-72. Speights further affirmed that "[a]lthough 'Thihele' knew he was shot by an individual named 'Firm[,]' he nevertheless told [the] Syracuse Police that another person had shot him named 'Leek' or Alfred Robinson [Petitioner], because [Thihele] had recently been assaulted (stabbed) by Petitioner . . . ." SR 171.

sentences originally imposed for counts one, two, three, four, five, six, eight, and nine. SR 254-56.

Petitioner applied for leave to appeal the County Court's judgment. *See* SR 258. On October 23, 2015, the Appellate Division, Fourth Department granted Petitioner's application and assigned counsel. SR 258.[10]  In his counseled brief, Petitioner argued: (1) the unreasonable delay in complying with the District Court's partial grant of the writ of habeas corpus resulted in a loss of jurisdiction and required the amended judgment of conviction be reversed and the indictment dismissed; and (2) the re-sentencing court improvidently exercised its discretion when it sentenced Petitioner without the benefit of an updated presentence report or having reviewed any of the details of the case other than those contained in the claims made in the motions before it. *See* SR 263-78, Petitioner's Appellate Division Brief.  The People responded: (1) the District Court's order neither required nor precluded resentencing Petitioner, and Onondaga County Court did not abuse its discretion in resentencing Petitioner; and (2) the resentencing court did not abuse its discretion in relying on the original presentence report because Petitioner had been continually incarcerated between the time of his original sentencing and resentencing. *See* SR 279-92, The People's Appellate Division Brief.

On October 6, 2017, the Fourth Department affirmed Petitioner's amended judgment of conviction. *See People v. Robinson*, 154 A.D.3d 1334 (N.Y. App. Div. 4th Dept. 2017).[11] The Appellate Division held Onondaga County Court had not lost jurisdiction over Petitioner's case because of the delay in resentencing, finding:

---

[10] On July 25, 2016, the Fourth Department Ordered that a different attorney be substituted as counsel. *See* SR 259.
[11] A copy of the decision is included in the State Court Records.  *See* SR 293-95.

> The Court of Appeals has stated that "'[s]entence must be pronounced without unreasonable delay'" . . . and, "unless excused[, such a delay] result[s] in a loss of jurisdiction requiring dismissal of the indictment" . . . This Court has "conclude[d] that the analysis in *People v. Drake* applies to delays in resentencing as well as to those between conviction and sentencing, but with one salient difference. Prejudice is presumed to result from delays between conviction and sentence[ . . . but, as] with other postjudgment delay . . . , defendant must demonstrate prejudice resulting from the delay between sentencing and resentencing" . . . Applying that principle here, we note that there was a "long and unexplained" delay between the Federal District Court's order and resentencing . . . but we conclude that [Petitioner] failed to demonstrate any prejudice resulting therefrom. The order of the Federal District Court merely directed that [Petitioner] be retried upon a single count of the indictment or be resentenced without respect to that count. The order had no impact on his incarceration on the remaining counts of the indictment, and County Court resentenced defendant simply by eliminating the sentence on the bribery count. In light of [Petitioner]'s failure to demonstrate any prejudice with respect to the remaining counts of the indictment, we see no reason to conclude that the court lost jurisdiction over them because of the delay in resentencing . . . .

*Id*. at 1335-36 (citations omitted). Turning to Petitioner's argument that the court was required to obtain an updated presentence report, the Fourth Department explained:

> Although the resentencing judge had discretion to order an updated report, "[t]here was no legal obligation that he do so . . . , and we find no abuse of discretion in his determination not to update the presentence report here" . . . [Petitioner] was continuously incarcerated during the period of time between sentencing and resentencing, he was given the opportunity to provide information about his conduct during that period, and the resentencing court "expresse[d] no disagreement with the sentencing court's evaluation of sentencing criteria or the appropriateness of the term imposed" . . . .

*Id*. at 1336 (citations omitted). Petitioner sought leave to appeal the Appellate Division's decision to the Court of Appeals. *See* SR 296-302. On March 29, 2018, the Court of

Appeals denied Petitioner's application for leave.  *See People v. Robinson*, 31 N.Y.3d 986 (2018).[12]

## III.    PETITION

In the instant petition, Petitioner challenges his adjusted judgment of conviction, in Onondaga County, for attempted murder in the first degree; tampering with a witness in the first-, third-, and fourth-degree; assault in the first- and second-degree; and criminal possession of a weapon in the second- and third-degree.  *See* Pet.; Dkt. No. 1-1, Memorandum of Law in Support of Petition; Traverse.  Petitioner avers that he is entitled to habeas relief because: (1) "[t]he unreasonable delay in [c]omplying with the Writ of Habeas Corpus as Granted in [p]art by the United States District Court [r]esulted [i]n the [l]oss of [j]urisdiction and requires the dismissal of the indictment" (Pet. at 4; *see also* Dkt. No. 1-1 at 7-9); and (2) Onondaga County "Court [i]mprovidently exercised its sentencing discretion when it ([r]e)[s]entenced [Petitioner] without [the] benefit of an updated presentence report and without having reviewed the case other than with respect to the claims made in the motion before it" (Pet. at 6; *see also* Dkt. No. 1-1 at 9-11).

Respondent contends: (1) Petitioner's claim that the resentencing court lacked jurisdiction is not cognizable on habeas review, procedurally barred, and meritless; and (2) Petitioner's claim that the resentencing court improvidently exercised its discretion is entirely unexhausted and meritless, and not cognizable in part.  Dkt. No. 7.

## IV.    DISCUSSION

---

[12] A copy of the decision is included in the State Court Records.  *See* SR 303.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may grant habeas corpus relief with respect to a claim adjudicated on the merits in state court only if, based on the record before the state court, the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *see Cullen v. Pinholster*, 563 U.S. 170, 181 (2011); *Premo v. Moore*, 562 U.S. 115, 120-21 (2011); *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "Because [Petitioner] is a pro se litigant, we read his supporting papers liberally, and will interpret them to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994) (citation omitted).

When reviewing a habeas petition, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). Relief does not lie for errors of state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *DiGuglielmo v. Smith*, 366 F.3d 130, 136-137 (2d Cir. 2004).

### A. The State Court's Jurisdiction to Resentence Petitioner

Petitioner contends "[a] long, unexplained delay in sentencing resulted in the Sentencing Court's loss of jurisdiction and requires that [his] conviction be set aside [and] the accusatory instrument [be] dismissed." Dkt. No. 1-1 at 7-8. Petitioner cites N.Y. CRIM. PRO. LAW § 380.30 and *People v. Drake*, 61 N.Y.2d 359 (1984) in support of his claim. *See id*. Respondent avers, *inter alia*, that this claim "presents a question of

state law, not federal law, and therefore does not state a basis for habeas relief."  Dkt. No. 7 at 14.

New York's Criminal Procedure Law requires that sentences "be pronounced without unreasonable delay."  C.P.L. § 380.30(1).  In *People v. Drake*, the New York Court of Appeals explained that C.P.L. § 380.30 "requires that '[s]entence must be pronounced without unreasonable delay' [therefore,] we have held that a failure to do so results in a loss of jurisdiction over the defendant."  61 N.Y.2d at 364 (citing *People ex rel. Harty v. Fay*, 10 N.Y.2d 374 (1961)).  The Fourth Department has further explained "the analysis in *People v. Drake* applies to delays in resentencing as well as to those between conviction and sentencing . . . ."  *People v. Hatzman*, 218 A.D.2d 185, 188 (N.Y. App. Div. 4th Dept. 1996).[13]

The Supreme Court has "repeatedly held that 'federal habeas corpus relief does not lie for errors of state law.'"  *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (quoting *Estelle*, 502 U.S. at 67 (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990))).  "[I]t is only noncompliance with *federal* law that renders a State's criminal judgment susceptible to collateral attack in the federal courts."  *Id*. (emphasis in original).  "[I]t it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."  *Estelle*, 502 U.S. at 67-68.

In the present case, Petitioner has failed to demonstrate that the delay in his resentencing proceeding violated *federal* law.  The right to speedy resentencing Petitioner relies on is a creation of New York, rather than federal, law therefore he is

---

[13] However, the court noted while "[p]rejudice is presumed to result from delays between conviction and sentence . . . [because s]entencing concludes a criminal action, and affects defendant's right to appeal from the underlying judgment of conviction . . . defendant[s] must demonstrate prejudice resulting from the delay between sentencing and resentencing."  *Hatzman*, 218 A.D.2d at 188.

unable to demonstrate that habeas relief is warranted. *See, e.g., Thomas v. Heath*, No. 1:10-CV-5861, 2011 WL 1849097, at *6-8 (S.D.N.Y. May 16, 2011), *report and recommendation adopted*, 2011 WL 2671300 (S.D.N.Y. July 6, 2011) (rejecting the petitioner's claim "that the trial court lost jurisdiction to resentence him because he was resentenced more than three years after his original sentencing" as unexhausted and not cognizable on habeas review); *Diggs v. Griffin*, No. 6:13-CV-6228, 2014 WL 1117844, at *5 (W.D.N.Y. Mar. 19, 2014) ("Petitioner here has failed to allege how the delay in his resentencing proceeding violated federal constitutional law. Accordingly, this claim cannot provide a basis for habeas relief under 28 U.S.C. § 2254.").

Petitioner argues this claim does, in fact, present a question of federal law because the "state law cases [contained in his papers] cite federal law, including United States Supreme Court case law, and therefore [Petitioner] properly alert[ed] the state courts to the federal nature of [his] claim . . . ." Traverse at 2 (citations omitted). The United States Court of Appeals for the Second Circuit has held that "a defendant who cites state precedent that employs pertinent constitutional analysis has adequately put the state courts on notice of the constitutional thrust of his claim." *Daye v. Attorney General of State of N.Y.*, 696 F.2d 186, 194 (2d Cir. 1982) (footnote omitted).

> Under *Daye*, a petitioner who does not cite "chapter and verse of the Constitution" may nonetheless "fairly present to the state courts the constitutional nature of his claim" through: "(a) reliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis in like fact situations, (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, and (d) allegation of a pattern of facts that is well within the mainstream of constitutional litigation."

14

*Jackson v. Edwards*, 404 F.3d 612, 618 (2d Cir. 2005) (quoting *Daye*, 696 F.2d at 194). However, the fact that Petitioner cited *Drake* in his direct appeal, a state court case which contains citations to Supreme Court precedent, does not transform this claim into a federal constitutional issue.

Petitioner correctly identifies that the Court of Appeals in *Drake* stated that the New York rule requiring prompt sentencing "is not unlike that underlying speedy trial rules generally" and observed that "many State and Federal courts, relying upon dictum in *Pollard v. United States*, 352 U.S. 354 [(1957)], hold that the Sixth Amendment guarantee of a speedy trial applies to postconviction proceedings as well." 61 N.Y.2d at 364. However, the court's decision in *Drake* did not *employ federal constitutional analysis* in concluding the unreasonable delay between the defendant's verdict and sentencing resulted in a loss of jurisdiction. *See* 61 N.Y.2d at 364-67. Although the Sixth Amendment to the United States Constitution guarantees a defendant's right to a speedy trial,[14] the federal constitutional right to a speedy trial was not the source of the right the Court of Appeals has prescribed in *Drake* and its progeny.

The Court of Appeals in *Drake* held that the sentencing court lacked jurisdiction to sentence the defendant because *New York Criminal Procedure Law requires that sentence be pronounced without reasonable delay*. *See* 61 N.Y.2d at 364. Although the court compared the New York rule to speedy trial rules, such as the one contained in the federal constitution, it also observed "[t]here are perceptible distinctions . . . between speedy trial concepts and the requirement of timely sentencing." *Drake*, 61

---

[14] *See* U.S. CONST. AMEND. VI; *Barker v. Wingo*, 407 U.S. 514 (1972).

N.Y.2d at 365.  Therefore, the Court of Appeals explained, "we have rested our rule requiring prompt sentencing on broader grounds . . . . " *Id.*

In sum, the right to speedy sentencing, and, thus, resentencing that Petitioner claims was violated by Onondaga County Court is a product of state, rather than federal, law.  Because Petitioner has not alleged that the state courts violated federal law in his resentencing, his claim is not cognizable on habeas review.[15]

### B.  The Resentencing Court's Imposition of Petitioner's Sentence

Petitioner next avers that he is entitled to habeas relief because the resentencing court "[i]mprovidently exercised its sentencing discretion when it ([r]e)[s]entenced [Petitioner] without [the] benefit of an updated presentence report and without having reviewed the case other than with respect to the claims made in the motion before it." Pet. at 6.  Petitioner contends that the Judge who presided over his resentencing "did not independently exercise discretion in imposing the sentence 'he' believed to be just and proper under the circumstances . . . [and] did not give consideration to, among other things, the crimes [sic] [P]etitioner had been convicted of, [P]etitioner's particular circumstances and the purpose of a [p]enal [s]anction." Dkt. No. 1-1 at 11.

Respondent argues that Petitioner's claim that the resentencing court improperly imposed a sentence without obtaining an updated pre-sentence report is not cognizable on habeas review, and to the extent this complaint can be read to raise a federal due process claim, it is unexhausted and procedurally defaulted.  Dkt. No. 7 at 24-25.

---

[15] Because the undersigned concludes that Petitioner's first argument does not present a claim that is cognizable on habeas review, Respondent's additional arguments – that any federal claim Petitioner raised is unexhausted and that the state courts' exercise of jurisdiction in resentencing Petitioner was not contrary to and did not involve an unreasonable application of federal law – need not be considered.

As explained above, federal habeas corpus relief does not lie for errors of state law. *Estelle*, 502 U.S. at 67-68; *Wilson*, 562 U.S. at 5; *DiGuglielmo*, 366 F.3d at 136-137. "[I]t it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle*, 502 U.S. at 67-68.

### 1. N.Y. Presentence Report Requirement

New York's Criminal Procedure Law requires that "[i]n any case where a person is convicted of a felony, the court must order a pre-sentence investigation of the defendant and it may not pronounce sentence until it has received a written report of such investigation." C.P.L. § 390.20(1). The Court of Appeals of the State of New York has held that where a "defendant had been continually incarcerated between the time of the initial sentencing and resentencing . . . There [is] no legal obligation . . . to update the presentence report . . . . " *People v Kuey*, 83 N.Y.2d 278, 282-83 (1994).

Petitioner contends that the judge who presided over his resentencing "resentenced the Petitioner without ordering a[n] u[p]dated [p]resentence [r]eport . . . even though he was not the [j]udge who presided over the Petitioner's trial and did not know how the Petitioner had changed during Petitioner's more th[a]n nine (9) years being incarcerat[ed]." Pet. at 6.

Claims that the sentencing court failed to order an updated report prior to resentencing are not cognizable on habeas review.

> [P]etitioner . . . claims that he was denied due process at sentencing because the sentencing court did not order an updated probation report before the resentencing . . . [Petitioner's] claim—that the court failed to order and consider an updated probation report before sentencing—is founded entirely on state law and does not implicate any federal right.

*Franco v. Mazzuca*, No. 0:00-CV-4340, 2003 WL 21850280, at *4 (E.D.N.Y. July 29, 2003) (citation omitted)[16];

> [P]etitioner argues that the Court should grant habeas relief because, "although [petitioner] was re-sentenced . . . seven years after his original sentence . . . the [Supreme] Court failed to obtain an updated probation report" . . . Even if the procedural bar did not apply, the Court would deny habeas relief on the merits because petitioner's probation report claim does not implicate a federal right . . . [I]n his reply brief, petitioner cites only New York cases in support of his claim that [the Supreme Court justice who did not preside over petitioner's trial or first sentencing proceeding] should have obtained a new probation report prior to resentencing.

*Izaguirre v. Lee*, No. 2:16-CV-7179, 2017 WL 4516818, at *11-12 (E.D.N.Y. Oct. 10, 2017) (citations omitted); *Guzman v. Rivera*, No. 1:06-CV-3681, 2010 WL 4242833, at *8 (S.D.N.Y. Mar. 17, 2010), *report and recommendation adopted*, 2010 WL 4258923 (S.D.N.Y. Oct. 27, 2010) ("the procedure of sentencing is exclusively a matter of state law.") (citing *Roberts v. Superintendent, Groveland Correctional Facility*, 26 F.Supp.2d 686 (S.D.N.Y.1998) (holding that failure to await an updated presentence report before sentencing "is a matter of state law that does not implicate federal constitutional rights")).  Therefore, Petitioner is not entitled to habeas relief on his claim that the resentencing court failed to order an updated report prior to imposing Petitioner's sentence.

### 2.  N.Y. Judiciary Law § 21

Under New York's Judiciary Law, "[a] judge other than a judge of the court of appeals, or of the appellate division of the supreme court, shall not decide or take part in the decision of a question, which was argued orally in the court, when he was not

---

[16]  Unless otherwise noted, copies of any unpublished cases cited within this Report-Recommendation & Order have been provided to plaintiff.

present and sitting therein as a judge." N.Y. JUD. LAW § 21.[17]  Petitioner argues Judge Miller violated New York's rule by resentencing Petitioner without sufficiently familiarizing himself with the facts of the case, as Judge Miller had not presided over Petitioner's trial.  *See generally*, Dkt. No. 1-1 at 9-11.

Claims that the state court violated New York's judiciary law are not cognizable on habeas review.  *See Perez v. Cully*, No. 1:13-CV-1107, 2017 WL 1510660, at *3 (W.D.N.Y. Apr. 27, 2017) ("petitioner argued that . . . the trial court violated Judiciary Law § 21. Th[is] state law claim[ is] not cognizable on habeas review.") (citing *Gilleo v. Valley*, 12-CV-5767, 2016 WL 4530887, at *12 (S.D.N.Y. June 9, 2016), *report and recommendation adopted*, 2016 WL 4532208 (S.D.N.Y. Aug. 29, 2016) (holding that petitioner's claim that state proceedings "contravened New York's judiciary law . . . [was] not cognizable on habeas review") (additional citation omitted).  Therefore, Petitioner is not entitled to habeas relief on his claim that the resentencing court violated Judiciary Law § 21.

### 3. Due Process Clause

"[B]ecause [Petitioner] is a pro se litigant, we read his supporting papers liberally, and will interpret them to raise the strongest arguments that they suggest." *Burgos*, 14 F.3d at 790 (citation omitted).  Liberally reading the instant petition, Petitioner's claim that the resentencing court improperly exercised its discretion suggests a violation of his due process rights at sentencing.[18]  The undersigned assumes, *arguendo*, that this

---

[17] *See also People v. Thompson*, 90 N.Y.2d 615, 619 (1997); *People v. Hampton*, 21 N.Y.3d 277, 279 (2013); *People v. Farrar*, 52 N.Y.2d 302 (1981).

[18] Liberally reading Petitioner's Memorandum of Law, Petitioner appears to suggest the judge who presided over his trial was required to redetermine his sentence following the partial grant of writ of habeas corpus vacated the bribery count.  *See* Dkt. No. 1-1 at 9 ("The trial of this case was conducted . . . before Judge Joseph E. Fahey . . . It was Judge Fahey who initially imposed sentence on January 30, 2003, . . . the case should have been put before Judge Fahey to 'redetermine' petitioner's sentence . . . .

due process claim was exhausted by Petitioner's claim on direct appeal that "Judge Miller [who presided over Petitioner's resentencing] did not familiarize himself with the case . . . . " *See* SR 277, Petitioner's Appellate Division Brief.

"[T]he sentencing process, as well as the trial itself, must satisfy the requirements of the Due Process Clause." *Gardner v. Florida*, 430 U.S. 349, 358 (1977). "A [habeas] petitioner therefore has 'a due process right to question the procedure leading to the imposition of his sentence.'" *Delayo v. Carney*, No. 9:09-CV-1090 (GTS), 2010 WL 4962996, at *9 (N.D.N.Y. Dec. 1, 2010) (quoting *United States v. Pugliese*, 805 F.2d 1117, 1122 (2d Cir. 1986) (citing *Gardner*, 430 U.S. at 358)). "A defendant . . . may not be sentenced on the basis of 'materially untrue' statements or 'misinformation.'" *United States v. Romano*, 825 F.2d 725, 728 (2d Cir. 1987) (quoting *Townsend v. Burke*, 334 U.S. 736, 741 (1948)). "A state sentencing decision is also cognizable on federal habeas review if a legal error 'resulted in the improper exercise of the sentencer's discretion and thereby deprived the petitioner of his liberty.'" *Brown v. Duncan*, No. 9:00-CV-0290 (GLS/GHL), 2006 WL 1977469, at *18 (N.D.N.Y. July 11, 2006) (quoting *Haynes v. Butler*, 825 F.2d 921, 924 (5th Cir. 1987), *cert. denied*, 484 U.S. 1014 (1988) (citing *inter alia Hicks v. Oklahoma*, 447 U.S. 343, 346 (1980))).

---

") (citations omitted). However, the undersigned is unable to locate any precedent suggesting that due process requires that the judge who presided over a defendant's trial also be the one to impose sentence following a conviction. *See Szeto v. United States*, No. 3:09-CV-1443, 2010 WL 1279072, at *2 (D. Conn. Mar. 29, 2010), *adhered to on reconsideration*, No. 3:09-CV-1443, 2010 WL 1790488 (D. Conn. May 3, 2010) ("However, the court is unaware of any federal cases . . . recognizing a due process right to be sentenced by a particular judge."). Moreover, "[i]n the absence of a holding of the Supreme Court regarding the issue presented on habeas review, 'it cannot be said that the state court unreasonably applied clearly established Federal law.'" *Lewis v. Marshall*, 612 F. Supp. 2d 185, 190 (N.D.N.Y. 2009) (quoting *Carey v. Musladin*, 549 U.S. 70 (2006)). Therefore, the undersigned is unable to conclude the Appellate Division's decision affirming Judge Miller's imposition of Petitioner's sentence was "contrary to" or involved an "unreasonable application of" clearly established federal law.

Petitioner argues that the judge who presided over his resentencing "had extremely limited familiarity with the case . . . [and] there [wa]s nothing in the record to indicate that [the resentencing court] reviewed the trial transcripts or anything other than the [original] presentence report . . . ."  Dkt. No. 1-1 at 10.  Petitioner further contends that "the transcript from [Petitioner's] original sentencing . . . and [Petitioner's] (re)sentencing . . . are virtually identical down to the very language used" except for the sentence for the bribery conviction.  *Id*. at 11; *see also* SR 121-31, Sentencing Transcript, January 13, 2003; SR 241-57, Transcript from Resentencing, February 4, 2013.  Therefore, Petitioner concludes the resentencing court "did not give [due] consideration to, among other things, the crimes . . . [P]etitioner had been convicted of, [P]etitioner's particular circumstances and the purpose of a [p]enal [s]anction."  Dkt. No. 1-1 at 11.

Judge Miller began Petitioner's resentencing hearing by acknowledging that the court had reviewed Petitioner's C.P.L. § 440 motion papers.  *See* SR 242, Resentencing Transcript.  Those papers included, *inter alia*, excerpts from the transcript of Petitioner's jury trial; the transcript of Petitioner's original sentencing; the docket sheet from the action in which Petitioner's habeas petition was granted, in part; and affidavits from testifying witnesses and Petitioner's trial counsel.[19]  Additionally, Petitioner's memorandum of law both outlined the facts supporting the conclusion that he was actually innocent and argued the prejudice of Kimbrough's improper testimony

---

[19] *See* SR 147-88, Petitioner's Motion Papers [147-48, Notice of Motion; 149-53, Attorney Affirmation; 154-57, Docket Sheet for Case No. 9:07-CV-1107; 158-60, Petitioner's pro se Motion to Compel; 161-63, Affidavit of Andre Terry; 164-65, Affidavit of Thihele Gaines; 166-67, Affidavit of Jamonte Wallace; 168-69, Affidavit of Petitioner's Trial Counsel; 170, Affidavit of Elisah Kimbrough; 171-72, Affidavit of Nathan Speights; 173-81, Memorandum of Law; 182-88, Excerpts from Transcript of Jury Trial]; SR 189-239, the People's Motion Papers [189-97, Answering Affirmation; 198-209, Sentencing Transcript; 210-16, Affirmation; 228-31, Order Denying Motion to Vacate; 232-39, Affirmation].

spilled over and affected the other counts, thus explaining the relationship between the vacated count and the other eight counts. *See* SR 173-81.

Moreover, Petitioner does not dispute that Judge Miller reviewed the presentence report prepared prior to Petitioner's original sentencing.[20]  That report was required to contain an analysis of (1) "the circumstances attending the commission of the offense[s;]" (2) Petitioner's "history of delinquency or criminality[;]" (3) Petitioner's "social history, employment history, family situation, economic status, education, and personal habits[;]" and (4) any other information the investigator "deem[ed] relevant to the question of sentence[.]"  C.P.L. § 390.30(1), (3).  Petitioner does not contest the accuracy of the information contained in the report; in fact, at the resentencing hearing, Petitioner's counsel argued, "the P.S.R. speaks for itself."  SR 253.

Finally, the parties had the opportunity to present arguments before the resentencing court imposed Petitioner's sentence. *See* SR 252-54.[21]  Petitioner's counsel argued that the resentencing court was not bound by the original sentence, Petitioner had already served ten years of his original sentence, and there was reason to question the veracity of the testimony that had been presented at trial.  *See* SR 253.

---

[20] *See* Dkt. No. 1-1 at 10 ("[T]here is nothing in the record to indicate that [Judge Miller] reviewed . . . anything other than the presentence report that had been prepared in anticipation of the original sentence over 10 years earlier.").

[21] *See e.g.*, *Neish v. Reynolds*, No. 9:97-CV-1901 (TJM/GLS), 2000 WL 33743383, at *4 (N.D.N.Y. Nov. 30, 2000).

> Due Process requires that a defendant be afforded "notice of and an opportunity to respond to information to be considered by the sentencing court, in order that he not be sentenced on the basis of misinformation." *U.S. v. Harris*, 38 F.3d 95, 98 (2nd Cir.1994) (internal quotation and citation omitted), *cert. denied*, 513 U.S. 1198 (1995); *People v. Seplow*, 226 A.D.2d 178, 179 (1st Dep't) ("[t]he standard for determining whether a sentencing has been fairly conducted 'is whether the defendant has been afforded an opportunity to refute those aggravating factors which may have negatively influenced the court'") (quoting *People v. Perry*, 36 N.Y.2d 114 (1975)), *appeal denied*, 88 N.Y.2d 969 (1996).

Petitioner also made a statement on his own behalf, arguing he was actually innocent. *See* SR 253-54.

In sum, the undersigned is unable to conclude that Petitioner was sentenced on the basis of misinformation or that the resentencing court improperly exercised its discretion in imposing Petitioner's sentence. To the contrary, the resentencing court exhibited familiarity with the lengthy history of Petitioner's case,[22] reviewed submitted materials which outlined the relationship between the various counts, and imposed Petitioner's sentence with the benefit of arguments from both Petitioner and his counsel. *See* SR 249-57. Accordingly, Petitioner has failed to establish that his resentencing did not satisfy the requirements of the Due Process Clause. Therefore, his claim seeking habeas relief on this ground is without merit.

## V.    CONCLUSION

**WHEREFORE**, it is hereby

**RECOMMENDED**, that the petition, Dkt. No. 1, be **DENIED and DISMISSED** in its entirety; and it is further

**RECOMMENDED**, that no Certificate of Appealability ("COA") shall issue because petitioner has failed to make a substantial showing of the denial of a constitutional right" as 28 U.S.C. § 2253(c)(2) requires;[23] and it is further

**RECOMMENDED**, that any further request for a Certificate of Appealability must be addressed to the Court of Appeals (Fed. R. App. P. 22(b)); and it is further

---

[22] *See* SR 249-50, 251-52.
[23] *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see Richardson v. Greene*, 497 F.3d 212, 217 (2d Cir. 2007) (holding that if the court denies a habeas petition on procedural grounds, "the certificate of appealability must show that jurists of reason would find debatable two issues: (1) that the district court was correct in its procedural ruling, *and* (2) that the applicant has established a valid constitutional violation" (emphasis in original)).

**ORDERED**, that the Clerk shall serve a copy of this Report-Recommendation and Order upon the parties in accordance with the Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).[24]

Dated: January 25, 2023
Albany, New York

Christian F. Hummel
U.S. Magistrate Judge

---

[24] If you are proceeding pro se and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order was mailed to you to serve and file objections. See FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. See id. § 6(a)(1)(C).