UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ALFRED ROBINSON,

        Petitioner,

v.

                  9:19-cv-0696 (AMN/CFH)

CHRISTOPHER MILLER, Superintendent,

        Respondent.

---

**APPEARANCES:**               **OF COUNSEL:**

**ALFRED ROBINSON**
03-B-0123
Great Meadow Correctional Facility
Box 51
Comstock, New York 12821
Petitioner, *pro se*

**HON. LETITIA JAMES**          **PAUL B. LYONS, ESQ.**
New York State Attorney General     Assistant Attorney General
28 Liberty Street
New York, NY 10005
*Attorneys for Respondent*

**Hon. Anne M. Nardacci, United States District Court Judge:**

<u>**MEMORANDUM-DECISION AND ORDER**</u>

**I.  INTRODUCTION**

On June 12, 2019, Petitioner *pro se*, Alfred Robinson, filed a petition seeking *habeas corpus* relief pursuant to 28 U.S.C. § 2254. Dkt. No. 1 ("Petition"). Respondent requested and received two extensions of time to file a response. Dkt. Nos. 3-6. On November 20, 2019, Respondent filed an Answer, a Memorandum of Law, and State Court Records opposing the

Petition.  Dkt. Nos. 7-9.  On January 13, 2020, Petitioner submitted a Traverse in response to Respondent's Opposition.  Dkt. No. 11.

This matter was referred to United States Magistrate Judge Christian F. Hummel, who, on January 25, 2023, issued a Report-Recommendation and Order ("Report-Recommendation") recommending that the petition be denied and dismissed in its entirety, and no Certificate of Appealability be issued.  *See* Dkt. No. 16 at 23.  Magistrate Judge Hummel advised Petitioner that under 28 U.S.C. § 636(b)(1), he had fourteen days to file written objections and failure to object to the Report-Recommendation within fourteen days would preclude appellate review.  *Id.* at 24.  Petitioner has not filed any objections to the Report-Recommendation and the time for filing objections has expired.

For the reasons set forth below, the Court adopts the Report-Recommendation in its entirety, and orders that the Petition be denied and dismissed and that no certificate of appealability be issued.

## II. STANDARD OF REVIEW

### A. AEDPA

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may award *habeas corpus* relief with respect to a claim adjudicated on the merits in state court only if the adjudication resulted in an outcome that: (1) was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *DeBerry v. Portuondo*, 403 F.3d 57, 66 (2d Cir. 2005) (quoting 28 U.S.C. § 2254(d)).  This standard is "highly deferential" and "demands that state-court decisions be given the benefit of the doubt." *Felkner v. Jackson*, 562 U.S. 594,

598 (2011) (*per curiam*) (quoting *Renico v. Lett*, 559 U.S. 766, 773 (2010)).  The Supreme Court has repeatedly explained that "a federal *habeas* court may overturn a state court's application of federal law only if it is so erroneous that there is no possibility fairminded jurists could disagree that the state court's decision conflicts with th[e Supreme] Court's precedents."  *Nevada v. Jackson*, 569 U.S. 505, 508-09 (2013) (*per curiam*) (quoting *Harrington v. Richter*, 562 U.S. 86, 102 (2011)).

      **B.**     **Review of a Report and Recommendation**

A district court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection.  *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228-29 (N.D.N.Y. 2012) (citing 28 U.S.C. § 636(b)(1)(C)).  If no specific objections are filed, the court reviews a magistrate judge's report-recommendation for clear error.  *See id*. (citing Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition).  A litigant's failure to object to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal.  *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point") (citation omitted).  After appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

**III.**    **DISCUSSION**

Petitioner challenges his resentencing in Onondaga County Court ("State Court") for eight offenses, including attempted murder in the first degree, following *habeas* reversal of a witness bribery conviction, on the grounds that (1) there was an unreasonable delay in resentencing that resulted in the loss of the State Court's jurisdiction; and (2) the State Court improvidently

exercised its discretion in resentencing Petitioner in multiple respects.[1]  Petitioner has not objected to the Report-Recommendation and as such the Court reviews the Report-Recommendation for clear error.

In the Report-Recommendation, Magistrate Judge Hummel first concluded that Petitioner "failed to demonstrate that the delay in his resentencing proceeding violated *federal* law" as opposed to New York law.  Dkt. No. 16 at 13 (emphasis in original).  In doing so, he found that although New York's requirement for speedy sentencing also applies to re-sentencing, (a) a delay in resentencing requires a demonstration of prejudice which Petitioner had not shown, and (b) in any event, there is no federal right to a speedy resentencing.  *See id*. at 13-16 & n.13.

Magistrate Judge Hummel next considered the State Court's resentencing of Petitioner.  *Id*. at 16-17.  The Report-Recommendation concluded that "Petitioner is not entitled to *habeas* relief on his claim that the resentencing court failed to order an updated [presentence] report prior to" resentencing Petitioner because "[c]laims that the sentencing court failed to order an updated [presentence] report prior to resentencing are not cognizable on *habeas* review."  *Id*. at 17-18 (citing, *inter alia*, *People v. Kuey*, 83 N.Y.2d 278, 282-83 (1994); *Izaguirre v. Lee*, No. 2:16-CV-7179, 2017 WL 4516818, at *11-12 (E.D.N.Y. Oct. 10, 2017)).  Similarly, the Report-Recommendation concluded that Petitioner's claim that the State Court violated New York Judiciary Law § 21 when it resentenced him was not cognizable on *habeas* review.  *Id*. at 18-19 (citing *Perez v. Cully*, No. 1:13-CV-1107 (MAT), 2017 WL 1510660, at *3 (W.D.N.Y. Apr. 27, 2017)).  Finally, Magistrate Judge Hummel determined that the State Court did not violate Petitioner's Due Process rights because the resentencing was adequately based on the ample

---

[1] Magistrate Judge Hummel sets forth a complete recitation of the relevant facts in the Report-Recommendation.  *See* Dkt. No. 16 at 2-11.

record, the parties' submissions, the presentence report, and oral argument at the resentencing.[2] *See id*. at 19-23 & nn. 18-21. Accordingly, the Report-Recommendation concluded that Petitioner was not resentenced on the basis of misinformation and that the resentencing Court properly exercised its discretion in imposing Petitioner's sentence. *Id*. at 23.

With respect to a Certificate of Appealability, Magistrate Judge Hummel recommended that none be issued as to any of Petitioner's claims because Petitioner failed to make "a substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2). *Id*. (citing *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Richardson v. Greene*, 497 F.3d 212, 217 (2d Cir. 2007)). Since Petitioner failed to make such a showing, the Court declines to issue a Certificate of Appealability in this matter.

Having carefully considered the Report-Recommendation, the parties' submissions, and the applicable law and finding no clear error, the Court adopts the Report-Recommendation in its entirety.

## IV. CONCLUSION

For these reasons, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 16, is **ADOPTED** in its entirety; and the Court further

**ORDERS** that the Petition for a writ of *habeas corpus*, Dkt. No. 1, is **DENIED and DISMISSED**; and the Court further

**ORDERS** that no Certificate of Appealability shall be issued with respect to any of

---

[2] Magistrate Judge Hummel assumed, *arguendo*, that Petitioner's "due process claim was exhausted by Petitioner's claim on direct appeal[.]" Dkt. No. 16 at 19-20.

Petitioner's claims;[3] and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Respondent's favor, serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules, and close the case.

**IT IS SO ORDERED.**

Dated: April 6, 2023
Albany, New York

Anne M. Nardacci
U.S. District Judge

---

[3] Any further request for a Certificate of Appealability must be addressed to the Court of Appeals. *See* Fed. R. App. P. 22(b).